**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 03-4440**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TRACY LYNCH,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  W. Earl Britt, Senior
District Judge.  (CR-95-152)

─────────────

Submitted: January 29, 2004          Decided:  February 9, 2004

─────────────

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, Edwin C. Walker, First
Assistant Federal Public Defender, Jeanette Doran Brooks, Raleigh,
North Carolina, for Appellant.  Frank D. Whitney, United States
Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United
States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Tracy Maurice Lynch appeals from the district court's order revoking his supervised release and imposing a twenty-four-month sentence.  Lynch contends that the sentence imposed by the district court is clearly unreasonable.  Finding no abuse of discretion, we affirm.

Lynch challenges the length of the sentence, which exceeded the three-to-nine month range suggested by the Sentencing Guidelines.  See U.S. Sentencing Guidelines Manual § 7B1.4(a) (2002).  The sentencing ranges in Chapter 7 of the Sentencing Guidelines are not binding on the sentencing court.  United States v. Davis, 53 F.3d 638, 640-41 (4th Cir. 1995). Rather, upon finding a violation, the district court may revoke supervised release and resentence the defendant to any sentence within the statutory maximum for the original offense.  18 U.S.C. § 3565(a) (2000); United States v. Schaefer, 120 F.3d 505, 507 (4th Cir. 1997).  Because the district court imposed a sentence within the statutory maximum for Lynch's original offenses, 18 U.S.C.A. § 922(c)(1) (West 2000 & Supp. 2003); 21 U.S.C. § 846 (2000), we find no abuse of discretion.  See USSG § 7B1.4, comment. (n.4) (stating that sentence above suggested range may be warranted "[w]here the original sentence was the result of a downward departure.").  Accordingly, we affirm Lynch's sentence.  We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED